**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4412

DWAYNE TWANE WALKER, a/k/a
Dana,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4437

KAWONE KAREEM WALKER,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-53)

Submitted: May 29, 1998

Decided: June 22, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Thomas Love, Jr., Charlottesville, Virginia; Edward H. Childress, Charlottesville, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, two brothers appeal their convictions for conspiracy to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1998). Dwayne Twane Walker (D. Walker) and Kawone Kareem Walker (K. Walker) each pled guilty to the offense. K. Walker was sentenced to 121 months imprisonment, to be followed by five years of supervised release. D. Walker was sentenced to life imprisonment, with ten years of supervised release if he should be released from prison. We reject the claims raised on appeal and affirm their convictions and sentences.

I

In the summer of 1996, the Drug Enforcement Administration (DEA) Task Force in Charlottesville, Virginia, received information that a New York-based group distributing crack cocaine had begun operating in the Charlottesville area. Two brothers, D. Walker and K. Walker, were identified as the leaders of the local operation. DEA agents arranged three separate buys of crack cocaine through confidential informants. The DEA provided the money for the buys, having previously recorded the serial numbers of the cash.

On September 14, a Virginia state trooper stopped a black BMW that had been driving at high rates of speed. K. Walker was driving

2

and D. Walker occupied the passenger seat. Upon searching the men and the car, the trooper found $8171 in cash, $1660 of which had been used in the controlled buys.

On September 25, 1996, the Walkers and others were indicted on offenses arising from the conspiracy to distribute crack cocaine in the Western District of Virginia. Both Walkers moved to suppress the evidence discovered during the traffic stop. A hearing was held on the motions, but before the district court issued its ruling D. Walker pled guilty to Count One of the indictment pursuant to a plea agreement. The district court granted in part K. Walker's suppression motion on the day the latter's trial was scheduled to begin. Later that day, K. Walker pled guilty pursuant to a plea agreement, after a jury had already been seated for his trial.

Each Walker moved to withdraw his guilty plea; the district court, following a consolidated hearing, denied the motions. On appeal, each man challenges the denial of his motion to withdraw his guilty plea. D. Walker also challenges one of the two state convictions the district court relied on in sentencing him as a career offender. K. Walker challenges the validity of his guilty plea, as well as the district court's rejection of the objections raised to K. Walker's presentence report. We find no merit in these claims.

II

Both Walkers complain of the district court's rulings on their motions to withdraw their guilty pleas. D. Walker asserts that the Government did not comply with the terms of the plea agreement by providing him a fair opportunity to earn a substantial assistance motion. The plea agreement provided in relevant part:

> [The defendant] must not withhold any information, must neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. If the defendant supplies false information or testimony, this agreement is breached and all statements may be used against the defendant.

3

After meeting twice with government agents, D. Walker was informed that there would be no substantial assistance motion because he declined to give any information concerning his brother's activities. As K. Walker was the only defendant scheduled for trial at the time, the Government concluded that D. Walker had not lived up to his obligation to give complete and truthful information without attempting to protect anyone. In his motion to withdraw his plea and on appeal, D. Walker argues that because the Government did not provide him a fair opportunity to earn a substantial assistance motion, he should have been allowed to withdraw his guilty plea.

K. Walker also argues that denial of his motion to withdraw was error. He asserts that his guilty plea was not knowing or voluntary because he was not aware at the time of the plea that his motion to suppress evidence had been granted in part, and his counsel did not adequately explain the significance of this ruling.

We review the district court's decision on a motion to withdraw a guilty plea for abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). Rather, the defendant must present a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 32(d). Such a reason is one that essentially challenges the fairness of the Fed. R. Crim. P. 11 proceeding or the "fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey , 974 F.2d 1389, 1394 (4th Cir. 1992). The defendant bears the burden of establishing a reason for withdrawal. Id. at 1393-94.

The district court must consider six factors in assessing whether the defendant has established a fair and just reason to withdraw his plea: (1) whether defendant has offered credible evidence that his guilty plea was not knowing or voluntary; (2) whether defendant has credibly alleged his legal innocence; (3) the extent of any delay between the plea and the motion; (4) whether defendant has had the attentive assistance of competent counsel; (5) whether granting the motion will prejudice the government; and (6) whether granting the motion will inconvenience the court and squander judicial resources. United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996).

4

The district court applied these factors in deciding the motion of each Walker brother. The court found that two weeks was not undue delay in either case, and that prejudice to the Government would be minimal in view of the substantial evidence against each defendant. The court concluded that the remaining factors worked against the defendants. Reviewing the Rule 11 proceedings, the court found the pleas to have been knowing and voluntary. The court discounted the brothers' assertions of innocence. Each had agreed with the Government's recitation of the evidence at the Rule 11 proceeding, which would support a finding of guilt. In addition, each admitted his guilt during debriefings with government agents. The district court concluded that each Walker brother was represented by competent counsel, based on defendants' assertions at the Rule 11 hearings as well as the district court's personal observations. Finally, the district court concluded that granting the motions to withdraw would constitute a waste of judicial resources, particularly in view of the fact that K. Walker did not plead guilty until a jury had been seated.

We conclude that the district court's careful consideration of the motions under the appropriate standard does not constitute an abuse of discretion. D. Walker failed to comply with the terms of the plea agreement in that he refused to provide information about his brother's role in the conspiracy. Therefore, he forfeited his opportunity to earn a substantial assistance motion. K. Walker's assertion that he was not aware that his motion to suppress had been partially granted until after his plea is belied by the district court's finding that the ruling on the motion to suppress was issued hours before the guilty plea. K. Walker was present at this conference, where counsel, the court, and at least one of the witnesses specifically discussed the ruling and its ramifications on the trial. Thus, these claims lack merit.

III

D. Walker was sentenced to life imprisonment as a career offender under U.S. Sentencing Guidelines Manual§ 4B1.1 (1995). The district court relied on two prior felony drug convictions to reach that result: one from Schenectady, New York, in October 1994, and one from Charlottesville, Virginia, in November 1995. D. Walker objected to use of the New York conviction, asserting that it was a misdemeanor possession offense rather than a felony distribution

5

offense. Given an opportunity at sentencing to prove his assertion, D. Walker had nothing but his allegation. The probation officer relied on information from a probation officer in New York, who submitted a New York state presentence report and a certified copy of the conviction order showing a guilty plea and felony conviction. The district court denied D. Walker's objections after hearing testimony from the U.S. probation officer and reviewing the certified copy of conviction.

A defendant bears the burden of establishing the invalidity of a prior state conviction that a federal court seeks to use for sentence enhancement. United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992). The district court heard evidence on the dispute and found as a fact that there was no basis to disregard the verified documents from New York. Therefore, this claim lacks merit.

IV

K. Walker alleges that his guilty plea was not knowing or voluntary, because of his ignorance concerning the district court's ruling on the motion to suppress. As discussed above, the district court considered this claim in ruling on the motion to withdraw K. Walker's guilty plea, and found as a fact that the defendant was aware of the ruling and was present during a discussion of its significance hours before the guilty plea. In addition, the court conducted a thorough Rule 11 colloquy and concluded that the plea was knowing and voluntary. At that hearing, K. Walker denied that anyone had tried to induce or force him to plead guilty. We hold that this claim entitles him to no relief.

V

K. Walker contends that the district court's denial of his objections to and motion to correct the presentence report is error, and resulted in a greater sentence than was warranted. He refers specifically to the drug weight attributed to him and his identification as a leader in the offense.

In the plea agreement, the parties agreed that K. Walker's "relevant conduct" under the sentencing guidelines was between 50 and 150

6

grams of cocaine base. At the Rule 11 proceeding, the prosecution described the drugs from the controlled buys as weighing more than 100 grams. K. Walker agreed that this was the evidence the Government would present at trial. The DEA agent who testified at sentencing stated that the conspiracy dealt "multiple kilograms" in the Charlottesville area. Therefore, the district court properly rejected this objection.

K. Walker also objects to the two-point increase in offense level, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995), because of his leadership role in the conspiracy. Whether a defendant has been an organizer under USSG § 3B1.1(c) is a factual determination to be reviewed for clear error. United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992). More than one person may qualify as a leader or organizer; one of the factors to be considered is the recruitment of accomplices. USSG § 3B1.1(c), comment. (n. 4).

In this case, the DEA agent testified at sentencing that K. Walker ran the Charlottesville drug operation until his brother, D. Walker, was released from jail. His role included obtaining powder cocaine in New York City, "cooking it up" into crack cocaine, and generally directing the others. He and his brother recruited other members of the conspiracy. The district court's finding that the enhancement was applicable is not clearly erroneous.

VI

We conclude that the claims raised by the Walker brothers in these appeals are without merit, and affirm their convictions and sentences. We decline to reconsider denial of motions to file supplemental briefs and to substitute new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED